UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JACQUES CEDIEU | CIVIL ACTION NO. |
| VERSUS | DISTRICT JUDGE |
| CIRJERRON FOSTER, BOYD BROTHERS TRANSPORTATION, INC. AND HUDSON INSURANCE COMPANY | MAGISTRATE JUDGE |

*************************************************************************************

## NOTICE OF REMOVAL

Defendants, Cirjerron Foster ("Mr. Foster"), Boyd Brothers Transportation ("Boyd Brothers"), and Hudson Insurance Company ("Hudson"), (together "Defendants"), through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq*, remove the action captioned "*Jacques Cedieu v. Cirjerron Foster, Boyd Bros. Transportation, Inc. and Hudson Insurance Company*" bearing docket number C-710866 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to this Honorable Court. In support of its Notice of Removal, Defendants state as follows:

I.

On August 20, 2021, a civil action was filed by Plaintiff, Jacques Cedieu, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, bearing docket number C-710866, Section 26 and captioned "*Jacques Cedieu v. Cirjerron Foster, Boyd Bros. Transportation, Inc. and Hudson Insurance Company*". *See* Petition for Damages ("Petition"), attached hereto as **Exhibit A**.

II.

In the Petition it is alleged that, on September 10, 2020, Plaintiff was a passenger of a vehicle involved in an accident with a tractor trailer owned by Boyd Brothers and operated by Mr. Foster in East Baton Rouge Parish, Louisiana. Plaintiff seeks to recover damages for personal injuries allegedly sustained as a result of the accident. *See generally*, **Exhibit A**, Petition.

01040418-2                                                                1

III.

Plaintiff alleges in his Petition that he is a resident of the State of Louisiana. *See generally*, **Exhibit A**, Petition.

IV.

Defendant, Mr. Foster, was at the time of filing of this action, and still is, a resident and domiciliary of the State of Mississippi. *See* Declaration of Counsel, attached hereto as **Exhibit B.**

V.

Defendant, Hudson, was at the time of the filing of this action, and still is, a foreign insurance corporation incorporated under the laws of Delaware, with its principal place of business in New York. Thus, Hudson is a citizen of the states of Delaware and New York. *See* **Exhibit B,** Declaration of Counsel.

VI.

Defendant, Boyd Brothers, was at the time of the filing of this action, and still is, incorporated under the laws of Alabama, with its principal place of business in Alabama. Thus, Boyd Brothers is a citizen of the state of Alabama. *See* **Exhibit B,** Declaration of Counsel.

VII.

The Petition and Citation were served on both Mr. Foster and Hudson through the Louisiana Secretary of State on August 25, 2021, and Boyd was served through the Louisiana Long-Arm Statute on September 9, 2021. *See* Service Returns attached as **Exhibit C, *in globo.***

VIII.

The Petition fails to describe with any degree of specificity the extent of the alleged injuries sustained by Plaintiff or the medical treatment Plaintiff relates to the alleged injuries. Rather, it is only generally alleged that Plaintiff suffered personal injuries for which he seeks "past, present, and future pain and suffering; past, present, and future medical expenses; mental anguish; injuries to parts of his

body and mind; past and future lost wages and/or loss of earning capacity; and other damages which will be shown at the trial of this matter." *See* **Exhibit A**, Petition at ¶ 7.

IX.

On October 9, 2021, Defendants first received notice that the amount in controversy exceeds $75,000, exclusive of interest and costs, in this case involving diverse parties. Specifically, on October 9, 2021, Defendants received medical records from Plaintiff's counsel which include MRI reports and clinic notes from Plaintiff's treating neurosurgeon, Dr. Jason L. Cormier. These medical records show that Dr. Cormier has diagnosed Plaintiff with cervical and lumbar disc herniation at multiple levels (specifically, herniation at C3-C4 with compression of the spinal cord; herniation at C5-C6 and C6-C7; and herniation at L3-L4 and L4-L5 with stenosis); and, further, Dr. Cormier recommends Plaintiff undergo multi-level disc arthroplasties at C3-4, C5-6 and C6-7 (artificial disc replacements), together with a transforaminal lumbar interbody fusion at L3-4 and L4-5 (two-level lumbar fusion). *See* **Exhibit D**, ***in globo,*** medical records received from Plaintiff's counsel with correspondence dated October 9, 2021; *see also,* **Exhibit B**, Declaration of Counsel.

X.

While liability and damages are disputed in this litigation, the records of Plaintiff's treating neurosurgeon, Dr. Cormier, provide clear and unequivocal notice that the amount in controversy exceeds the Court's jurisdictional threshold of $75,000. Indeed, even without the surgical recommendation, the diagnosis of multiple cervical and lumbar disc herniations, alone, is evidence that the amount in controversy exceeds $75,000 in general damages. *See, e.g.*, *Zalenski v. Bayou Liberty Water Association, et al.,* No. 2010-11116 on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, as summarized at 2013 WL 7792185 (awarding $75,000 in general damages for herniated lumbar disc at L4-5 with nerve root compression and facet arthrosis, lower back pain and radiculopathy); *see also Giovengo v. State Farm Mut. Auto. Ins. Co.,* 2016-2973 (Civil District Court

03/13/17) (awarding $85,000 in general damages for single, unoperated disc herniation treated conservatively); *see also, Conforto v. Toscano*, 711-301 (24th JDC 03/30/16) (awarding $91,750 in general damages for single disc herniation with recommended ESI treatments over five years); *see also Aguillard v. Meiners,* 857 So.2d 1034 (La. App. 5th Cir. 2003) (awarding $125,000 in general damages for two unoperated herniated discs made symptomatic by a car accident).

XI.

Moreover, the fact that Dr. Cormier has recommended cervical arthroplasties and a two-level lumbar fusion is further evidence that the amount in controversy exceeds $75,000 in general damages. *See, e.g. Richman v. The Travelers Ind. Co.,* No. 2017-1756-F, 2019 WL 12239688 (14th JDC Oct. 30, 2019) (where Plaintiff underwent a two-level cervical disc replacement and was awarded $389,400.77); *see also Ferguson v. Gardenia,* 751-952 (24th JDC Jan. 24, 2017) (where Plaintiff was recommended a cervical artificial disc replacement and was awarded $90,000 in general damages); *Parker v. Campell et al,* JVR No. 1611020004, 2015 WL 12712328 (19th JDC Dec. 16, 2015) (where Plaintiff was recommended a TLIF and ultimately settled for $960,000).

XII.

Considering all of the above, this is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332 and is thus removable to this Court pursuant to the provisions of 28 U.S.C. §1441, et seq., because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XIII.

In compliance with 28 U.S.C §1446(a), a copy of all process, pleadings and orders served upon Defendants to date in state court are attached as **Exhibits B and C**. Undersigned has requested a copy of the complete state court record and will file same upon receipt, along with a list of parties and pleadings.

XIV.

In compliance with the requirements of 28 U.S.C. § 1446(b)(3), this notice of removal is filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

XV.

As noted above, Hudson, Boyd Brothers, and Foster were first placed on notice that the amount in controversy exceeds $75,000, exclusive of interests and costs on or after October 9, 2021, upon receipt of Plaintiff's medical records indicating neck and back pain with recommended cervical disc arthroplasties and a TLIF surgery. *See* **Exhibit B**, Declaration of Counsel.

XVI.

In compliance with 28 U.S.C. §1446 (d), Defendants hereby certify that this Notice of Removal is being served contemporaneously herewith on all adverse parties and the Clerk of Court of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

**WHEREFORE**, defendants, Cirjerron Foster, Boyd Brothers Transportation and Hudson Insurance Company pray that this cause be removed from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to this Honorable Court, to the United States District Court for the Middle District of Louisiana.

**[SIGNATURE BLOCK TO FOLLOW ON NEXT PAGE]**

Respectfully submitted,

*/s/ Alexandra E. Celio*
M. Davis Ready, T.A. (Bar No. 24616)
Alexandra E. Celio (Bar No. 38965)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone: (504) 569-2030
Facsimile:  (504) 569-2999
Email:    davisr@spsr-law.com
          alexandrac@spsr-law.com
**Attorneys for Defendants, Cirjerron Foster, Boyd Brothers Transportation Inc. and Hudson Insurance Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or through facsimile or U.S. Mail, postage paid.

This **5th** day of **November**, 2021

*/s/ Alexandra E. Celio*